UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DONNA ROWE,<br><br>Movant. | No.  2:05-cr-00128 LKK AC P<br><br><br><br>FINDINGS AND RECOMMENDATION |

Petitioner Donna Rowe is a federal prisoner proceeding in pro per with a motion attacking her conviction and sentence under 28 U.S.C. § 2255.  ECF No. 462.  Petitioner's motion presents four grounds for relief including three claims of ineffective assistance of counsel and one claim of sentencing error.  Respondent has filed a motion to dismiss based on the statute of limitations, ECF No. 469, and petitioner has filed an opposition, EFC No. 472.  For the reasons set forth below, the undersigned recommends that the motion to dismiss be granted.

I.	Factual and Procedural Background

Following a jury trial, petitioner was convicted of nine counts of mail fraud, three counts of money laundering, and one count of conspiracy.  See ECF No. 290.  On February 23, 2010 she was sentenced to 48 months imprisonment followed by 24 months of supervised release.  ECF Nos. 425 (Amended Judgment and Commitment Order); 365 (Judgment and Commitment Order).

Petitioner appealed her convictions to the Ninth Circuit Court of Appeals which affirmed

1

the district court's judgment on March 5, 2012.  See ECF No. 429 (memorandum opinion); see also United States v. Kalfsbeek, et al., 470 Fed. Appx. 656 (9th Cir. 2012).  Petitioner then filed a petition for writ of certiorari with the United States Supreme Court on May 23, 2012 which was denied on October 1, 2012.  See ECF No. 462 at 2; see also http://www.supremecourt.gov/. Search.aspx?FileName=/docketfiles/11-10522.htm (Supreme Court docket).  Movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on October 3, 2013 raising multiple claims of ineffective assistance of trial counsel.  ECF No. 462.  The proof of service attached to the motion indicates that it was "delivered to the Federal Court at 501 I Street, Sacramento" on October 1, 2013.  ECF No. 462 at 13.

II.     Motion to Dismiss

Respondent moved to dismiss the instant Section 2255 motion on the basis that it was time-barred since it was not received by the Clerk's Office until October 3, 2013, two days after the statute of limitations expired.  ECF No. 469 at 3.[1]

III.    Movant's Opposition to Motion to Dismiss

In her opposition, petitioner concedes two salient points.  First and foremost, she concedes that the statute of limitations expired on October 1, 2013.  ECF No 472 at 1.  And, most importantly, she concedes that her Section 2255 motion was not filed until October 3, 2013.  Id. at 2.  Recognizing the legal import of these two facts, petitioner explained the basis for her untimely filing.  On the date that the Section 2255 motion was due to be filed, petitioner realized that she "had inadvertently misread the October 1st date of the denial of certiorari as October 12, 2012."  ECF No. 472 at 1.  Although she caught this human error in time to correct it, her process server arrived at the federal court house doors after the close of business on October 1, 2013.  Id. at 2, 6 (parking receipt dated October 1, 2013 at 8:17 pm).  Since the court no longer utilizes an after-hours mailbox depository, petitioner's process server had to return the Section 2255 motion to her

---

[1] Respondent requests the court to order petitioner to show cause why her Section 2255 motion should not be dismissed as untimely filed.  That request is moot because petitioner filed an opposition to the motion to dismiss on December 12, 2013.  ECF No. 472.  Therefore, petitioner has received adequate notice as well as an opportunity to respond in full compliance with Day v. McDonough, 547 U.S. 198, 210 (2006).

to deposit in the mail on October 2, 2013.  Id.  The court did not receive and thus file her Section 2255 motion until the following day, October 3, 2013.  Id.

Petitioner also contends in her opposition that she was still "in custody" in the form of home confinement on the date that she filed the Section 2255 motion.  Id. at 2.  Additionally, petitioner alleges that she had difficulty obtaining "the documents necessary to coordinate the evidence" in support of her claims from her former trial lawyer, who delayed in providing her with his file.  Id. at 3.  However, she concedes that she had access to the documents necessary to support her claims as of July 26, 2013.  Id. at 4.

IV.  Relevant Law

Section 2255(f) (1) of Title 28 of the United States Code contains a one year statute of limitations for filing a federal prisoner's habeas corpus petition.  The one year clock commences from several alternative triggering dates which are defined as "(1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).

The parties agree that petitioner's conviction became final on October 1, 2012 following the denial of certiorari review by the United States Supreme Court.  See 28 U.S.C. § 2244(d)(1)(A).  Therefore, the statute of limitations commenced the next day and expired one year later on October 1, 2013.  See Patterson v. Stewart, 251 F.3d 1243 (9th Cir.) (using the anniversary date method for calculating the statute of limitations), cert. denied, 534 U.S. 978 (2001).  The instant Section 2255 motion filed on October 3, 2013 was thus filed two days late, absent any statutory or equitable tolling.

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of

1  limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and (2)
2  that some extraordinary circumstance stood in his way and prevented timely filing.  See Holland
3  v. Florida, 560 U.S. 631 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  An
4  "extraordinary circumstance" has been defined as an external force that is beyond the inmate's
5  control.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The diligence required for
6  equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  See
7  Holland, 560 U.S. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).
8  V.      Analysis
9         The undersigned liberally construes petitioner's opposition as requesting equitable tolling
10 on the following grounds: (1) trial counsel's delay in providing petitioner with a copy of her file;
11 (2) petitioner's error in calculation of the deadline; and (3) her home confinement status and
12 resulting difficulty getting to the courthouse in time.  The court addresses these in turn.
13        1.      Trial Counsel's Delay In Providing Files
14        Under extraordinary circumstances, counsel's malfeasance may support equitable tolling.
15 Holland v. Florida, 560 U.S. 631, 652-53 (2010) (equitable tolling may be appropriate where
16 post-conviction counsel effectively abandoned client); Spitsyn v. Moore, 345 F.3d 796 (9th Cir.
17 2003) (statute of limitations equitably tolled where attorney was retained to prepare and file a
18 habeas petition for incarcerated inmate, failed to do so, and then disregarded requests to return
19 files pertaining to the case until well after the petition was due).  Here, petitioner alleges that she
20 requested her files from trial counsel at an unspecified time following the denial of certiorari, but
21 that counsel did not send them to her in prison as requested.  ECF No. 472 at 2-3.  Petitioner was
22 released to home confinement on July 25, 2013, well over two months before she filed the instant
23 Section 2255 motion.  ECF No. 462 at 12.  She concedes that she had access to trial counsel's
24 files upon her release from confinement.  ECF No. 472 at 4.  These facts do not support tolling.
25        First, simple delay in counsel's provision of the files falls well below the standard of
26 egregious attorney conduct that is necessary to constitute an "extraordinary circumstance"
27 supporting tolling under Holland and progeny.  Moreover, petitioner acknowledges that she was
28 aware of the factual basis of her claims, and needed the files to gather supporting evidence.  ECF

1  No. 472 at 3 ("The difficulty of timely filing my § 2255 Motion is not making the claims of
2  denial of Constitutional rights, but of timely having access to the documents necessary to
3  coordinate the evidence in support of my claims."). A petitioner's lack of access to documentary
4  evidence does not support tolling where the petitioner was aware of the factual basis for her
5  claims. Ford v. Gonzalez, 683 F.3d 1230, 1237-38, cert. denied, 133 S.Ct. 769 (2012).

6  The larger problem with equitable tolling on this ground is petitioner's acknowledgement
7  that her § 2255 motion was in fact completed and ready to file on October 1, 2013. ECF No. 472
8  at 1-2. Accordingly, the delay in obtaining her case file from trial counsel cannot have been the
9  but-for cause of the untimely filing. Equitable tolling is only available when the extraordinary
10 circumstance actually caused the untimely filing. Bills, 628 F.3d at 1097. For all these reasons,
11 petitioner's difficulty in obtaining trial counsel's file does not support tolling of the limitations
12 period.

13       2.  Error In Calculating Filing Deadline

14 Petitioner's misreading of date of the Supreme Court's order denying her certiorari
15 petition does not support equitable tolling of the statute of limitations. Miscalculation of a filing
16 deadline, or the negligent failure to meet a deadline, does not excuse filing outside the limitations
17 period. Holland, 560 U.S. at 651-52 (garden variety excusable neglect, such as miscalculation
18 that causes counsel to miss a deadline, will not support equitable tolling); Frye v. Hickman, 273
19 F.3d 1144 (9th Cir. 2001) (rejecting request for equitable tolling based on retained counsel's
20 miscalculation of the statute of limitations), cert. denied, 535 U.S. 1055. The same harsh rule
21 applies to pro se parties, including inmates. See e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154
22 (9th Cir. 2006) (inmate's miscalculation of limitations period is not an extraordinary circumstance
23 warranting equitable tolling). Therefore, petitioner is not entitled to equitable tolling on this
24 ground.

25       3.  Home Confinement

26 Petitioner suggests that her untimeliness should be excused because of the logistical
27 difficulties she experienced as the result of her home confinement. Because she was not free to
28 personally travel to the court to file her motion, petitioner relied on a process server who arrived

5

1  at the court after hours on October 1, 2013, and had to return to Acampo, California without filing
2  the documents. The additional delay occasioned by the return trip caused the subsequent filing by
3  mail to be postmarked October 2 rather than October 1. ECF No. 472 at 2.

4      The fact that the process server was driving to the courthouse after hours on the last day to
5  file was a consequence of petitioner's previous miscalculation of the deadline, as petitioner
6  acknowledges. See ECF No. 472 at 1-2. Absent that miscalculation, which cannot support
7  tolling for the reasons previously explained, petitioner's restriction to her home would not have
8  prevented timely filing either by personal delivery (whether by a process server or other third
9  party) or by mail. Accordingly, home confinement was not the but-for cause of the untimely
10 filing and does not support tolling. See Bills, 628 F.3d at 1097.

11     Petitioner emphasizes that the proof of service she completed for mail delivery was dated
12 October 1, 2013. She also emphasizes that she was "technically still in BOP custody and still
13 confined" on that date. ECF No. 472 at 2. To the extent that petitioner seeks the benefit of the
14 prison mailbox rule, see Houston v. Lack, 487 U.S. 266, 276 (1988), its application to home
15 confinement has no basis in authority. The mailbox rule provides that a pro se inmate's habeas
16 application is deemed constructively filed at the moment it is delivered to prison officials to be
17 forwarded to the court clerk. The rule is premised on the lack of control that a prison inmate has
18 over the timing of her outgoing mail once it has been delivered to prison authorities for mailing.
19 Id. at 275-76. A person on home confinement does not cede control of her outgoing mail to
20 prison authorities or other government actors. Accordingly, petitioner is not entitled to use the
21 proof of service date as the constructive filing date pursuant to the prison mailbox rule.

22     Conclusion

23     Petitioner asks the court's leniency in excusing her brief delay. Unfortunately, the court
24 lacks discretion to extend the statute of limitations under the present circumstances. Untimely
25 petitions can be saved from dismissal only where the stringent requirements for equitable tolling
26 are satisfied. For the reasons explained above, this is not such a case.

27     Accordingly, IT IS RECOMMENDED that:
28     1. Respondent's motion to dismiss petitioner's 28 U.S.C. § 2255 motion, ECF No. 469, be

1 | granted; and,

2 |     2. Petitioner's 28 U.S.C. § 2255 motion, ECF No. 462, be dismissed with prejudice based
3 | on the statute of limitations.

4 |     These findings and recommendations are submitted to the United States District Judge
5 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days
6 | after being served with these findings and recommendations, any party may file written
7 | objections with the court and serve a copy on all parties.  Such a document should be captioned
8 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
9 | shall be served and filed within fourteen days after service of the objections.  The parties are
10 | advised that failure to file objections within the specified time may waive the right to appeal the
11 | District Courts order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 | DATED: February 21, 2014

13 | */s/ Allison Claire*
14 | ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE